Mr. Justice Cox
delivered the opinion of the court.
This was an action of assumpsit brought by the plaintiff to recover compensation for his time, labor and services, as clerk in his father’s store, from October 1st, 1876, to March 1st, 1880, three years and five months, at the rate of I50 per month. Various credits are given which reduce the' balance claimed to $826.40.
Both the parties, plaintiff and defendant, were sons of Robert Cohen, deceased, and defendant was his executor- *228 At the trial, the plaintiff offered no evidence to maintain his case, except to show what the services of an ordinary good clerk in the shoe- business were worth, and that during the period referred to he was seen in his father’s store, -•apparently waiting on customers, and that he had been in 'the shoe business some twenty-five years. The defendant ¿thereupon asked the court to charge the jury that upon this testimony they should find a verdict for the defendant, on the ground that no evidence was offered to show any contract between the father and son, and that the law does not -imply a promise by the father to pay the son for services ■rendered him. We think the defendant was right in this ¿respect, more especially as in this case the son was living with his father free of all cost for board and lodging. So that if the case had come before us simply on that exception^ we should probably, on that ground alone, have been constrained to direct a new trial. But the wrong complained of here was cured by the defendant himself. After objecting that there was no proof of contract between the father and son to pay for the latter’s services, the defendant took the stand and put in evidence the books of his father, in which there are distinct entries of credits for salary to the son-, for his services, showing that there was a contract relation between the father and son. The book contains a credit, for instance, of nine month’s salary to October lst^ 1876, at $50 a month, and subsequent credits of $25 a month for six months to April, 18 77. After the defendant had testified in chief, he was asked, “What was your salary during that period ? ” ; and this question was objected to, but the objection was overruled, and the evidence submitted. That was excepted to. We think there was error in that, first, because the enquiry was not pertinent to the examination-in-chief, and was not, therefore, pz’oper cross-exaznination. In the next place, it was not pez’tinent to the issue on trial, which was the value of the plaintiff’s services and the existence of any pz’omise, express or implied, on the part of his father to pay for them.
, But a more important erz’or is disclosed in the fourth bill *229 of exceptions. A book having been put in evidence in which the salary of the plaintiff seems to have been reduced by his father to $25 per month, the plaintiff then took the stand in order to testify that he had no notice of this reduction of his salary. He was asked whether his father had notified him that he had reduced his salary, and testified that his father did not notify him, but shortly afterwardshe knew it, and saw the entry in the books, and his father told him it would be all right.
The purport of all this is, that his father told him that,, notwithstanding this entry of a credit for reduced salary, he would be entitled to the salary that he fairly earned, or that he had been receiving before, and that it was so understood • by both parties. That was objected to by the defendant-So that the court seems to have admitted the plaintiff in the case to testify as to statements made by the deceased, relating to a matter in controversy ; and this being within the direct inhibition of the statute on that subject (Sec-858, Eev. Stats. IT. S.), was so important an error that we do not see how the verdict can be sustained,. It must beset aside and a new trial ordered.